NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2396
_____

RYAN DEAN,
                            Appellant

v.

ROBERT FLANNIGAN; DARREN BARREIRO; GREENBAUM, ROWE, SMITH &
DAVIS, LLP; CHRISTOPHER D. ADAMS; CHARLES VACCARO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-18255)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2022

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed March 11, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Ryan Dean appeals from the District Court's denial of his "Motion for Vacatur" and related motions. For the following reasons, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In September 2019, Dean filed a complaint in the District Court of New Jersey alleging that the Defendants – attorneys and a law firm – suborned perjury and fabricated evidence while representing Lisa Bissell in state court proceedings under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. § 2C:25-17.[1] After Dean amended his complaint, the District Court dismissed it by order entered October 2, 2020. See ECF No. 21. On October 28, 2020, Dean filed a motion for relief from the dismissal order pursuant to Rule 60(b)(3) and (d)(3), and a motion to obtain a transcript of the state court TRO proceeding. By order entered May 28, 2021, the District Court denied the motions. See ECF No. 38. Subsequently, in an order entered June 23, 2021, the District Court denied Dean's letter-motion to stay the proceeding while he investigated "new evidence." See ECF No. 39. Finally, by order entered July 14, 2021, the District Court denied

---

[1] In the PDVA proceedings, Bissell alleged that Dean had sexually assaulted her. She obtained a Temporary Restraining Order (TRO) against him, but the New Jersey Superior Court subsequently denied a Final Restraining Order (FRO) and the TRO was dismissed. In February 2019, Bissell filed a complaint in New Jersey Superior Court against Dean, his business partner, Kevin Klassen, and their hedge fund and management company, Saga Global Capital Management, LLC. ("the SAGA suit"), alleging various employment discrimination and retaliation claims, as well as claims against Dean for civil assault and intentional infliction of emotional distress. In June 2020, Dean filed a notice of removal of Bissell's civil action from state court to the District Court of New Jersey. See D.N.J. Civ. No. 2-20-cv-07393 ("removal proceeding"). In an order entered December 7, 2020, the District court granted Bissell's motion to remand the matter to the New Jersey Superior Court.

Dean's motion to consolidate the case with the removal proceeding and with another case of his filed at D.N.J. Civ. No. 2:21-cv-07393.[2] See ECF No. 44.

Dean filed a notice of appeal on July 23, 2021, seeking review of the October 20, 2020 dismissal order and the District Court's May 28, June 23, and July 14, 2021 orders. We have jurisdiction to review only the latter two orders.

Generally, a notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed. See Fed. R. App. P. 4(a)(1)(A). Dean's Rule 60 motion was filed within 28 days of the dismissal order and therefore tolled the time to appeal that order pending its disposition. See Fed. R. App. P. 4(a)(4)(A)(vi). But the time to appeal commenced on May 28, 2021, when the Rule 60 motion was denied. See Fed R. App. P. 4(a)(4)(A) (providing that the time for appeal runs from entry of order disposing Rule 4(a)(4) tolling motion). The notice of appeal was filed more than 30 days later, but within 30 days of the June 23 and July 14 orders. Accordingly, our review is limited to those two orders.

The District Court properly denied Dean's letter-motion to stay the proceeding. As the District Court noted, a day after the letter-motion was filed, it denied the motion to vacate the dismissal order; the case was closed, and the letter-motion failed to provide any basis to reopen and stay the proceeding.[3] For those reasons, and because the removal

---

[2] The motion to consolidate, which was included within a "Motion to Vacatur the Remand Proceeding," was filed in all three proceedings.
[3] The letter-motion requested more time to "investigate" facts about Bissell, her ex-husband, and her attorneys in the SAGA suit (all non-defendants in this case), who Dean believed were conspiring to defraud him. See ECF No. 37.

3

proceeding had been remanded to state court, the District Court did not err in denying the motion to consolidate the proceedings.

Because this appeal fails to present a substantial question, we will summarily affirm the District Court's June 23 and July 14, 2021 orders.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.